Lotz, C. J.
This was an action to recover possession of a paper-folder. The case was tried by the court, and a special finding made and conclusions of law stated, on which judgment was rendered in favor of the appellee, defendant below. The questions presented for our consideration are that the court erred in its conclusions of law and in overruling the motion for a new trial. The facts, as found by the court, are in substance as follows: On the 29th day of May, 1890, the appellants sold to the News Publishing Company one second-hand three revolution Hoe printing press, including blanket, stocks, wrenches and overhead fixtures for power. This contract of sale was reduced to writing. The News Publishing Company agreed to pay for such property $2,600, in payments, and to execute notes and a mortgage on the property to secure the payments. In addition to the property above described the appellants agreed to furnish a Stonemetz or Dexter folder without additional price. It was further agreed that until the notes and mortgage were executed the title to the property was to remain in the appellants, but that upon the execution and delivery of the notes and mortgage the appellants would execute and deliver to said company a bill of sale of the said property. The News Publishing Company subsequently took possession of said property, made a cash payment of $800, and executed notes for the deferred payments and a chattel mortgage to secure the same. ■ Said mortgage was duly recorded, and describes all of the property except the folder. Afterwards, on the second day of April, 1891, *105 the News Publishing^Dompany executed a note to one Douglas Smith for the sum of $1,700, and at the same time executed to him a chattel mortgage to secure said note, which mortgage covered all of the property sold by appellants to the News Publishing Company, including the folder. This mortgage was also duly recorded. Afterwards, but before maturity, the said Douglas Smith assigned said note and mortgage, for a valuable consideration, to the appellee; that before purchasing said note and mortgage, the appellee examined the records of both chattel mortgages and had no actual knowledge of any lien or claim of the appellants upon or to said folder; that after said note and mortgage so assigned to the appellee became due, he, in accordance with the terms of said mortgage, advertised and sold said folder at public auction, and became the purchaser thereof, and credited upon his debt the amount of his bid therefor, and took possession of said folder and remained in possession until it was taken from him by virtue of the writ of replevin issued in this action. The notes given to the appellants by the News Publishing Company were not paid at maturity, and the appellants took possession of all the property described in their mortgage on the breach of conditions contained therein.
The conditions in the contract of sale above referred to are as follows:
‘ 'It is also agreed that the deferred payments above mentioned shall be secured by first mortgage on the property herein contracted to be sold.”
“It is further agreed that the title to said property shall remain in the seller until such mortgage be given, or until the purchase-price and interest have been fully paid.”
“And in case of any default in any of the terms of this *106 contract, the seller shall havecthe right to take immediate possession of said property.”
Filed Nov. 1, 1894.
“Upon the execution and delivery of the aforesaid mortgage, or the payment of the purchase-price in cash, VanAllen and Boughton agree to execute and deliver a good and sufficient bill of sale of the above described property.”
The appellants insist that they were entitled to recover, for the reason that the News Publishing Company has never complied with said agreement, viz: never paid the purchase-price in cash nor executed to them a first mortgage on all the property.
The folder formed no part of the property for which the News Publishing Company agreed to pay $2,600. The purchase-price or purchase-money is the consideration agreed to be paid by the purchaser to the seller for the thing sold.. Whether the parties to this contract had in contemplation that the mortgage should include or cover the folder, admits of some doubt, but they have construed it for themselves. When the mortgage was executed it did not cover the folder. When a contract is ambiguous or uncertain, the courts generally follow that construction put upon it by the parties themselves. Their own conduct in relation to it is entitled to great if not controlling consideration.
We find no error in the record.
Judgment affirmed, at costs of appellant.